In the Matter of the Application of VIRGINIA CARUSONE and ANTONETTE INNELLA for a Compulsory Accounting on the Part of SALVATORE INNELLA, as Administrator, etc., of MADELENA INNELLA, Deceased.

SALVATORE INNELLA, Individually and as Administrator, etc., Appellant; VIRGINIA CARUSONE and ANTONETTE INNELLA, Petitioners, Respondents.

First Department, March 3, 1939.

*J. J. Kramer* of counsel [*Kramer & Galgano*, attorneys], for the appellant.

*Maxwell Berman*, for the respondents.

CALLAHAN, J.   On August 9, 1921, letters of administration were issued to appellant on the estate of his mother, Madelena Innella, who died in 1920.   Although the petition for appellant's appoint-

ment stated that the personal estate " was less than $100," there is nothing in the record to show the existence of any personal property in the estate.

Prior to September 1, 1930, when chapter 229 of the Laws of 1929 became effective, an administrator had no control over or right to deal with real property of an intestate. The rights of the administrator are controlled by the law as it existed prior to 1930. Nevertheless, the surrogate has assumed jurisdiction of this dispute which, for all practical purposes, concerns solely the rights of the parties in real property and their dealings as individuals with respect thereto.

The petitioners-respondents are sisters of the administrator-appellant. They inherited, with seven other children, the real property of their mother.

In 1928 the respondents entered into an agreement with the appellant to accept $1,000 each and certain lots of vacant land, in return for which they conveyed to appellant all their interest in certain improved real property left by their mother. General releases were executed by petitioners. Through what may have been abundance of caution these releases ran to appellant as administrator, as well as individually. All parties to the agreement were represented by counsel.

Later the appellant and the remaining heirs of his mother, other than respondents, conveyed the real property in question to a stranger for a consideration which made the share of the remaining children larger than the $1,000 received by the respondents.

Respondents claim that they were defrauded in the transaction with their brother (appellant) and brought several proceedings to set aside the agreement and releases. The present (the last of such proceedings) was brought in the Surrogate's Court. It sought to set aside the releases and to compel an accounting by the administrator. None of the heirs of Madelena Innella other than the appellant and respondents were parties to this proceeding. The surrogate entertained jurisdiction, and entered a decree vacating the releases and directing the administrator to account, but confined the accounting to personalty. The surrogate, in his opinion, said: " The proof presented to the court dealt with the real property. The releases as stated ran to respondent as administrator. Whether in truth there is any personal estate for administration the court is not advised. * * * If the objective of petitioners is to obtain an accounting for the real property and a rescission of the deed which they executed and to obtain a payment to them of the

share which is due them out of the proceeds of the real property they must seek that relief in some other forum. This court has jurisdiction to take and state the account of the administrator in respect of the personal estate and so this application to compel an account must be granted. In so ruling the court has not undertaken jurisdiction in respect of the real property."

Appellant states that in fact there was no personal property in the estate of Madelena Innella. He alleges that the record of the transfer tax proceeding filed in the Surrogate's Court so disclosed. No claim is made by respondents to the contrary.

Under the circumstances, we believe that the surrogate should not have granted a decree setting aside the releases. The decree, in so far as it set aside the releases, would necessarily affect the rights of the parties hereto in real property, with which the administrator as such had no concern.

The only claim of fraud related to alleged misrepresentations as to the real estate.

As recourse must be had to some other forum if any substantial relief is to be obtained by the petitioners, we think that the surrogate should have declined jurisdiction and refused to pass on the question of the validity of the releases until the issue as to the alleged fraud in connection with the transfer of the real estate had been determined by a court having cognizance of such issues. Otherwise his decree may seriously prejudice the rights of the parties when recourse is had to another court concerning what is the only real dispute involved.

In so ruling, we do not indicate that we find there is any merit to respondents' claim of fraud. We do not pass on that question. Nor do we deem it necessary to determine whether the dismissal of the prior proceeding was *res adjudicata*.

The decree should be reversed and the proceeding dismissed without prejudice, and the matter remitted to the surrogate for further action in accordance with this opinion.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Decree unanimously reversed, with costs, and matter remitted to the surrogate of New York county for further action in accordance with opinion.